IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| LeAndre Dion Budden, ) | Civil Action No.: 8:13-cv-02206-RMG-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Mr. Newton, et al, ) | |
| ) | |
| Defendants. ) | |

Plaintiff brought this action pro se, seeking relief pursuant to Title 42, United States Code, Section 1983. [Doc. 1.] On August 29, 2013, the Court issued an order requiring Plaintiff to bring his Complaint into proper form and advising Plaintiff of his duty to keep the Court informed of his current address. [Doc. 9.]  Subsequently, the Court authorized service of process. [Doc. 15.] On December 17, 2013, Defendants' counsel filed an affidavit that she attempted service of Defendants' Answer on Plaintiff at the address he provided the Court (Kershaw Correctional Institution). [Doc. 22.] Defendants then attempted service at the forwarding address listed on the returned mail. [*Id.*] The Court sent Plaintiff a letter at Kershaw and at the forwarding address listed by Defendants, requiring him to fill out a change of address form. [Doc. 24.] On January 13, 2014, the letter sent to Plaintiff at his original address (Kershaw) was returned to the Court as undeliverable. The envelope included the forwarding address provided to the Court by Defendants, where the Clerk's Office had sent the second copy of the letter. [Doc. 28.] On February 6, 2014, the Court ordered that Plaintiff would have until February 18, 2014, to update his address with the Court and that otherwise, his Complaint may be dismissed pursuant to Rule 41(b). [Doc. 30.] The Court mailed a copy of this letter to Plaintiff's

original address and to the forwarding address provided by Kershaw. [Doc. 32.] To date, Plaintiff has not filed a response.

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

 (1) the degree of personal responsibility on the part of the plaintiff;

 (2) the amount of prejudice to the defendant caused by the delay;

 (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

 (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure

to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, he is personally responsible for his failure to advise the Court of his current address.  The Court specifically warned Plaintiff the case would be subject to dismissal if he failed to update his address and thereby failed to meet a Court deadline.  [Doc. 9 at 3–4.]  Despite this explanation, Plaintiff has elected not to update his address and, as a result, has failed to respond to the Court's Orders.  Because Plaintiff has already ignored the Court's directive to keep the Court apprised of his address, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).  The Court recommends finding Defendants' Motion to Dismiss [Doc. 35] to be moot.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

March 5, 2014
Greenville, South Carolina